IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : No. 08-115-1 |
| DANIEL MONAGHAN | : |

MEMORANDUM

**Schiller, J.**                                                                                                       July 7, 2009

Defendant Donald Monaghan is charged with honest services mail fraud, in violation of 18 U.S.C. §§ 1341, 1346. Presently before the Court is Defendant's motion in limine to exclude the testimony of expert witness John J. Contino. For the reasons that follow, Defendant's motion is granted in part and denied in part.

I.     BACKGROUND

Defendant was a twenty-five year employee of the Southeastern Pennsylvania Transportation Authority (SEPTA) whose duties included the purchase of chemicals and other products. According to the indictment, over a five-year period, Monaghan received approximately $6,500 in award certificates from Drummond American Corporation, which sold chemicals and other inventory items to SEPTA. These certificates, which were given to encourage and reward the purchase of Drummond products, were sent to recipients through the mail and could be redeemed by mail or on-line for checks to be used at selected retail stores. The indictment alleges that Monaghan, a public employee, violated his duty of honest services by failing to disclose a conflict of interest and was "unlawfully influenced" by the certificates he received for purchasing items from Drummond. It charges him with having "devised and

intended to devise a scheme to defraud SEPTA of the intangible right to honest services of its employees, and to obtain money and property by means of false and fraudulent pretenses, representations and promises."

## II.     STANDARD OF REVIEW

"If scientific, technical, or other specialized knowledge will assist the trier of fact . . . a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto . . . if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.  A putative expert must have "specialized knowledge" — which can be based on "practical experience as well as academic training and credentials" — on the topic to which he seeks to testify. *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (internal quotations omitted).  If a party seeks certification of an expert for non-scientific testimony, as here, "[t]he relevant reliability concerns [will] focus upon personal knowledge or experience." *Kumho Tire Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). Finally, an expert's testimony must "fit" the facts of the case. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742-43 (3d Cir. 1994). When an expert offers his opinion based on experience, "he must apply his experience reliably to the facts; his opinions must be well-reasoned, grounded in his experience, and not speculative." *Roberson v. City of Phila.*, Civ. A. No. 99-3574, 2001 WL 210294, at *4 (E.D. Pa. Mar. 1, 2001).  The expert's proponent bears the burden of establishing the admissibility of his expert's testimony by a preponderance of the evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10.

### III. DISCUSSION

The Third Circuit has held that "where a public official takes discretionary action that the official knows will directly benefit a financial interest that the official has concealed in violation of a state criminal law, that official has deprived the public of his honest services under 18 U.S.C. § 1346." *United States v. Panarella*, 277 F.3d 678, 691 (3d Cir. 2002). Based on the Government's filings in this case, which assert that "[t]he ethics laws in Pennsylvania provide an essential backdrop to the allegations set forth in the indictment," it appears that the Government seeks to establish that Defendant violated the Pennsylvania Public Official and Employee Ethics Act ("Ethics Act"), a part of Pennsylvania state criminal law, and to introduce expert testimony at trial to prove this element of its case. (Gov't's Resp. at 2.)

In its summary of Contino's testimony, the Government describes him as "an expert regarding the ethics laws applicable to public officials and employees" in Pennsylvania. (Def.'s Mot. in Limine [Def.'s Mot.] at Ex. 1 [Gov't's Summ. of Contino Test.].) Contino is the Executive Director of the Pennsylvania State Ethics Commission, a position he has held since 1987, and assisted in drafting the Ethics Act. *Id.* He has given numerous presentations on the Ethics Act and broader issues regarding ethics and government service. *Id.* Contino clearly qualifies as a reliable expert due to his extensive experience and personal knowledge of the Pennsylvania ethics laws that govern public employees.

The Government states that, if called as a witness, Contino would explain: (1) the laws and regulations governing the conduct of Commonwealth public officials and employees; (2) the legislative history of the Ethics Act; (3) the ways in which these laws are publicized to covered individuals; and (4) the role and function of the State Ethics Commission ("Commission"). (*Id.*) The Government's summary letter also "reserves the right, through hypothetical questions, to

ask Mr. Contino his opinion regarding whether instances of conduct described in Counts One through Three of the indictment violated the Ethics Act." (*Id.*)

Defendant objects to expert testimony on the Commonwealth's ethics laws and regulations on the grounds that "an explanation of the laws that petitioner is charged with violating is the province of the court." (Def.'s Mot. ¶ 8.) The Government concedes that an expert should not testify regarding the meaning of the law that the jury must apply. (Gov't's Resp. to Def.'s Mot. in Limine [Gov't's Resp."] at 2.) However, it contends that Contino "will not address the governing legal issues before the jury," that is "whether Monaghan committed fraud, as defined in federal law, or acted knowingly and with intent." (*Id.* at 5.)

In support of the purported propriety of the proffered expert testimony, the Government relies on *United States v. Leo*, 941 F.2d 181 (3d Cir. 1991) and *Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006). Those cases are readily distinguishable. In *Leo* the court affirmed the district court's ruling allowing expert testimony explaining business custom and what an individual in the defense industry would likely know, but precluding testimony as to what the law required or whether the defendant complied with it. *Leo*, 941 F.2d at 197; *see also First Nat. State Bank of N.J. v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981) (affirming trial court decision allowing testimony on banking industry custom but not "the legal duties arising therefrom"); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, Civ. A. No. 04-754, 2006 WL 3041097, *2 (D.N.J. Oct. 26, 2006) (precluding expert testimony "explicating the law generally or offering legal conclusions that follow from the facts presented at trial"). Likewise, in *Berckeley*, the Third Circuit approved testimony, offered by a former SEC counsel, regarding customs and practices in the security industry. *Berckeley*, 455 F.3d at 218. The expert was not permitted, however, to testify as to whether Berckeley complied with legal duties imposed by

4

federal securities law. *Id.* Thus, contrary to the Government's assertions, these cases suggest that testimony concerning the law itself, such as what the Government seeks to admit here, is inappropriate expert testimony.

Nor is the Court persuaded by *United States v. Davis*, 471 F.3d 783 (7th Cir. 2006), which the Government also relies upon. In *Davis*, the Seventh Circuit upheld a ruling allowing expert testimony of a state medicaid employee regarding how the state agency interpreted an administrative regulation regarding reimbursement for medical services. *Id.* at 788. The court stated that experts are allowed to testify on the specific issue of how a government agency applies and enforces its regulations. *Id. Davis* and the related cases cited by the Government are readily distinguishable from this case, which does not involve the interpretation of a similarly complex regulatory regime and an individual's attempt to receive reimbursement from the interpreting agency. Indeed, the Government concedes that the relevant state ethics laws are not complex. (Gov't's Resp. at 6 ("the statutes and rulings are not very complex")); *contrast United States v. Universal Rehab. Servs., Inc.*, Crim. A. No. 94-147, 1996 WL 297575, *10 (E.D. Pa. May 31, 1996) ("[E]xpert testimony is viewed as helpful in cases, like this one, involving complex statutes or issues outside of the general knowledge of the jury."). There is no reason why an expert, instead of the Court, would be needed to explain the laws in this case to the jury. Nor is it appropriate for the Government to ask Contino to opine on whether specific conduct in the indictment violates the Ethics Act and accordingly such questions are precluded.

Defendant argues that the remaining components of the proposed testimony, the legislative history of the Ethics Act, manner of publicizing the Ethics Act, and role and function of the Commission should be excluded under Federal Rule of Evidence 401 as irrelevant. (Def.'s Mot. ¶ 7.) In response the Government points to the role of Pennsylvania ethics laws in

5

proving the charges in the indictment. (Gov't's Resp. at 2 & n.2.) "'Relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The Court agrees that testimony regarding the legislative history of the Ethics Act and the role and function of the Commission is irrelevant to the determination of whether Defendant's actions violated the Ethics Act and therefore should be excluded. However, for reasons discussed below, testimony regarding the manner of publicizing the Ethics Act is relevant.

The Government contends that Contino's testimony will provide "probative evidence from which the jury may infer that Monaghan was aware of the strict restrictions placed by state law, that he ignored them, and that he acted knowingly and with intent to defraud when he violated the well settled restrictions." (Gov't's Resp. at 6-7.) The manner in which Pennsylvania ethics laws are publicized to public officials and employees, particularly SEPTA employees, is relevant to this case. Proving mail or wire fraud, the federal offense charged in this case, requires, in part, a showing of "specific intent to defraud." *United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001). The proffered testimony, regarding the publication of the ethics laws, could aid a jury in determining whether Defendant knew of these laws and intended to violate them, thereby "depriv[ing] another of the intangible right of honest services." 18 U.S.C. § 1346. Such testimony does not violate Federal Rule of Evidence 704, which prohibits expert testimony regarding whether a criminal defendant possessed the mental state that constitutes an element of the crime charged. FED. R. EVID. 704(b). As long as an expert does not draw this ultimate inference or conclusion for the jury he may offer testimony that supports "an inference or conclusion that the defendant did or did not have the requisite mens rea . . . ." *United States v.*

6

*Bennett*, 161 F.3d 171, 183 (3d Cir. 1998).  Therefore, Contino will be allowed to testify as to the ways in which the relevant ethics laws are published to SEPTA employees such as Defendant.

## IV.    CONCLUSION

Most of the testimony the Government seeks to elicit from Contino is irrelevant or inappropriate.  As such, it is precluded.  However, Contino will be permitted to testify to the limited issue of how relevant Pennsylvania ethics laws are published to SEPTA employees such as Defendant.